NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHARON L. LASLEY,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7072

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-2614, *Chief Judge* Bruce E. Kasold.

---

Decided: June 9, 2011

---

SHARON L. LASLEY, Canton, South Dakota, pro se.

MICHELLE R. MILBERG, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director.  Of counsel was DAVID J. BARRANS, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, LINN, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

## DECISION

Sharon L. Lasley appeals a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") that affirmed a decision of the Board of Veterans' Appeals denying her claim for dependency and indemnity compensation because her husband's death was not related to his military service.  We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Ms. Lasley is the widow of veteran Wilmer R. Lasley, Jr., who served on active duty from January 1954 to September 1961.  He also had periods of active duty for training in the National Guard in 1981 and 1982.  Mr. Lasley died in February 2003.  His death certificate listed dementia as the underlying cause of death complicated by contractures and hypertension.  An autopsy revealed that he also had Alzheimer's disease.  At the time of his death he was receiving compensation benefits for a service-connected right femoral neck fracture.

Ms. Lasley sought service connection for Mr. Lasley's death.  The regional office denied her claim, and the Board affirmed that denial.  She appealed to the Veterans

Court, which vacated the Board's decision. The Veterans Court ordered the Board to obtain an additional medical opinion and address whether Mr. Lasley's dementia began during his active military service. The Veterans Court also noted that Ms. Lasley was a registered nurse and that her statements regarding Mr. Lasley's medical condition should be given appropriate weight.

On remand, the Board procured medical opinions from two physicians. The first reviewed Mr. Lasley's medical records and concluded that his cognitive decline due to dementia appeared to begin in 1985. He weighed the evidence of record against Ms. Lasley's statement that Mr. Lasley's memory loss began in 1979 and concluded that it was unlikely that Mr. Lasley's dementia began during his active military service or his active duty for training. The second physician provided a medical opinion containing similar conclusions based on his review of the evidence of record.

The Board weighed the medical opinions against Ms. Lasley's statement that Mr. Lasley's dementia began while he was on active duty for training. It concluded that the first physician's medical opinion was more credible than Ms. Lasley's opinion. That credibility determination was based on inconsistencies in Ms. Lasley's statement regarding when Mr. Lasley's dementia started, Ms. Lasley's financial interest in the outcome, and her lack of medical expertise in dementia. Accordingly, the Board denied service connection for Mr. Lasley's death.

Ms. Lasley appealed to the Veterans Court. The Veterans Court affirmed because the Board made a plausible credibility determination that was not clearly erroneous.

### DISCUSSION

Ms. Lasley contends that the Board erred in determining that it was unlikely that the onset of Mr. Lasley's dementia occurred during his active duty for training for the National Guard. She notes that although medicine is not an exact science, she spent much more time with her husband than any doctor did and was medically qualified to identify the onset of dementia. Because of her medical expertise and substantial exposure to the patient, she argues that the two physicians should have accorded her observations more weight. Any inconsistencies in her testimony, she argues, are due to the passage of time and should not affect her credibility.

Except in cases presenting constitutional issues, this court lacks jurisdiction to review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In her informal brief, Ms. Lasley indicated that this case presents constitutional issues, but she has not identified any constitutional issue that the case presents. We therefore lack jurisdiction to review the Board's factual determination, which was based on a weighing of the competing evidence. Because Ms. Lasley does not otherwise question the Veterans Court decision on a rule of law or any statute or regulation, *see* 38 U.S.C. § 7292(a), we dismiss the appeal for lack of jurisdiction.

No costs.

### DISMISSED